UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHELLE HUGGINS,

    Plaintiff,

CASE NO.:

vs.

PARKING COMPANY OF
AMERICA, INC. d/b/a FAST PARK &
RELAX,

    Defendant.                              /

## VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MICHELLE HUGGINS, ("Plaintiff"), was an employee of Defendant, PARKING COMPANY OF AMERICA, INC. d/b/a FAST PARK & RELAX. ("PARKING" and "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### INTRODUCTION

1.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2.    The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

1

3.  Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4.  The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5.  To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## JURISDICTION AND VENUE

6.  Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief and reasonable attorney's fees and costs.

7.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

8.  At all times material hereto, Plaintiff was a resident of Orange County, Florida.

2

9.  Defendant, PARKING, conducts business in, among others, Orange County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

10. Defendant, PARKING, a Foreign Profit Corporation, provides parking services throughout central Florida.

11. The Plaintiff in this action was employed by Defendant as an hourly paid parking attendant from on or around December 2017 through February 14, 2022.

## COVERAGE

12. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

13. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

14. Based upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time period.

15. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. office supplies, tools and/or materials).

3

16. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

17. Defendant, PARKING, is a company classified as, among other things, a parking services company with an office located at 1987 Corporate Square, Longwood, Florida 32750.

18. Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

19. Plaintiff was an employee of Defendant within the meaning of the FLSA.

20. Plaintiff performed parking attendant duties for Defendant.

21. Plaintiff worked in this capacity from approximately December 2017 through February 14, 2022.

22. Plaintiff earned an hourly rate in exchange for work performed during the last three (3) years.

23. Plaintiff routinely worked in excess of forty (40) hours per week as part of her regular job duties.

24. Defendant required Plaintiff to maintain and pay for her own uniforms, which she was required to wear when performing her duties as a parking attendant for Defendant.

25. Plaintiff incurred costs for the purchase and maintenance of her uniforms while she performed her parking attendant duties for the primary benefit of Defendant.

26. Defendant did not reimburse Plaintiff for any of the uniform expenses incurred by Plaintiff throughout her employment.

27. Defendant's systematic failure to reimburse Plaintiff for her uniform expenses constitutes a kickback to Defendant, such that the hourly wages it paid to Plaintiff were not paid unconditionally or "free and clear."

28. As a result, despite working more than forty (40) hours per week during one or more workweeks, Defendant failed to pay Plaintiff proper overtime compensation at a rate of time and one-half times her regular rate of pay for all hours worked over forty (40) in a workweek, contrary to 207 (a) of the FLSA.

29. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

30. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

31. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

32. Defendant failed to maintain proper time records as mandated by law.

33. Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

34. Plaintiff, through undersigned counsel, attempted to resolve her unpaid overtime claim without the need for litigation, but her attempts were unsuccessful.

## **COUNT I - RECOVERY OF OVERTIME COMPENSATION**

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

36. Plaintiff was entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek.

37. During the relevant time period (last three years) during her employment with Defendant, Plaintiff worked overtime hours for which she was not paid.

5

38. Defendant had knowledge of the overtime hours worked by Plaintiff.

39. Defendant was aware of laws which required employees to be paid at time and one half of her regular rate of pay for hours worked over forty (40) within a workweek.

40. Defendant systematically and willfully failed to pay Plaintiff her proper overtime compensation "free and clear" because Defendant did not provide reimbursements for uniform related expenses incurred by Plaintiff.

41. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

42. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

43. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant;

    a. Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per workweek as allowable under the FLSA statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: __June 6, 2022__.            Respectfully submitted by,

                                                          /s/ Kimberly De Arcangelis
                                                          Kimberly De Arcangelis, Esq.
                                                          Bar No.: 025871
                                                          Pausha Taghdiri, Esq.
                                                          Bar No.: 1002857
                                                          Morgan & Morgan, P.A.
                                                          20 N. Orange Ave., 14th Floor
                                                          Orlando, Florida 32801
                                                          Telephone: (407) 420-1414
                                                          Facsimile: (407) 245-3383
                                                          Email: kimd@forthepeople.com
                                                          Trial Attorneys for Plaintiff

## 28 U.S.C. § 1746 Declaration Under Penalty of Perjury

I, MICHELLE HUGGINS, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED this __06__ day of June, 2022.

                                                          /s/ Michelle Huggins
                                                          MICHELLE HUGGINS

7